COMMONWEALTH *vs.* SALVATORE J. TRIPOLONE.

Bristol. April 8, 1997. - July 21, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, FRIED, & MARSHALL, JJ.

*Evidence,* Privileged communication, Communication between patient and psychotherapist, Exculpatory. *Privileged Communication. Practice, Criminal,* In camera inspection. *Privacy. Due Process of Law,* Access to evidence.

In a criminal proceeding in which the defendant, charged with rape, armed assault in a dwelling, and violation of an order issued pursuant to G. L. c. 209A, sought and received in 1995 an order under G. L. c. 233, § 20K, to compel a counseling center to produce its records of counseling the alleged victim, where the judge did not have the benefit of this court's opinion in *Commonwealth* v. *Fuller,* 423 Mass. 216 (1996), establishing standards for the production, under G. L. c. 233, § 20J, of similarly privileged records, the judge's order was vacated and the matter was remanded for further proceedings as appropriate. [488-490]

INDICTMENTS found and returned in the Superior Court Department on May 11, 1994.

A motion to produce certain counselling records was heard by *Richard J. Chin,* J., and a motion for a finding of contempt and imposition of sanctions was heard by *Gordon L. Doerfer,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Wendy J. Murphy* for New Hope, Inc.

*John L. Holgerson,* Committee for Public Counsel Services, for the defendant.

The following submitted briefs for amici curiae:

*Susan M. Basham & Fernando Laguarda* for National Network to End Domestic Violence & others.

*Toni G. Wolfman, Claire Laporte, Audrey C. Mark, & Marie E. Burke* for the Domestic Violence Council.

WILKINS, C.J. A judge in the Superior Court entered an order of contempt against the appellant, New Hope, Inc. (New Hope), a counselling center for victims of domestic violence and shelter

for battered women. On motion of the defendant, who is charged with rape, armed assault in a dwelling, and violation of an order issued pursuant to G. L. c. 209A, another judge in that court had ordered that New Hope produce the counselling records of the alleged victim for an in camera inspection for exculpatory evidence. New Hope declined to comply with that order which had been entered pursuant to G. L. c. 233, § 20K, inserted by St. 1986, c. 492 (§ 20K). The judge who entered the contempt order stayed the judgment pending appeal. We transferred New Hope's appeal here on our own motion.

Section 20K, whose substantive provisions are set forth in the margin,[1] states that, "[a] domestic violence victims' counselor shall not disclose [a] confidential communication without the prior written consent of the victim, except as hereinafter provided." A confidential communication of a victim is not subject to discovery in any civil, legislative, or administrative proceeding without the written consent of the victim. In a criminal proceeding, a confidential communication is "subject to discovery and shall be admissible as evidence but only to the extent of information contained therein which is exculpatory in relation to the defendant," and only after a judge shall have examined the confidential communication and determined that the communication contains exculpatory information.

Last year, we decided *Commonwealth* v. *Fuller*, 423 Mass. 216 (1996), which concerned the attempt of a criminal defendant to obtain from a sexual assault counsellor information that was protected by the privilege prescribed by G. L. c. 233, § 20J. We referred to the procedures that this court had established in

---

[1]The last paragraph of § 20K reads as follows:

"A domestic violence victims' counselor shall not disclose such confidential communication without the prior written consent of the victim, except as hereinafter provided. Such confidential communication shall not be subject to discovery in any civil, legislative or administrative proceeding without the prior written consent of the victim to whom such confidential communication relates. In criminal actions such confidential communication shall be subject to discovery and shall be admissible as evidence but only to the extent of information contained therein which is exculpatory in relation to the defendant; provided, however, that the court shall first examine such confidential communication and shall determine whether or not such exculpatory information is therein contained before allowing such discovery or the introduction of such evidence."

Section 20K also defines "[a]buse," "[c]onfidential communication," "[d]omestic violence victims' counselor," "[d]omestic violence victims' program," and "[v]ictim."

*Commonwealth* v. *Bishop*, 416 Mass. 169 (1993), which are to be applied "when a defendant seeks access to any privileged records, including those protected by § 20J." *Commonwealth* v. *Fuller, supra* at 224. In our *Fuller* opinion, we undertook to set forth a better standard and to prescribe better procedures than we had in our *Bishop* opinion to be used when an alleged victim's privacy concerns must be balanced against a defendant's asserted needs for exculpatory information. *Id.* at 225. We said that we did not want a standard that "would result in virtually automatic in camera inspection for an entire class of extremely private and sensitive privileged material." *Id.* at 224. We, therefore, required that, before a judge should undertake an in camera review of privileged records, the defendant must demonstrate a good faith, specific, and reasonable basis for believing that the records will contain exculpatory evidence that is relevant and material to the defendant's guilt. *Id.* at 226.

The judge who issued the 1995 order to New Hope to produce the alleged victim's records did not have the benefit of our opinion in *Commonwealth* v. *Fuller, supra,* and understandably the standard that this court established in that case for the production of privileged information was not applied. We conclude that the nature of the statutory privilege established by § 20K, whatever constitutional right to privacy, if any, that may be involved, and the character of the records being sought are not significantly different from the privilege, any right to privacy, and the character of the records involved in a G. L. c. 233, § 20J, request. The *Bishop-Fuller* procedures, therefore, should be followed when a defendant requests information protected by § 20K. Such a practice would satisfy a defendant's right to due process of law (*Commonwealth* v. *Fuller, supra* at 227), and, as far as we can discern on the limited record before us, would not impermissibly intrude on whatever constitutionally protected right of confidentiality, if any, that the alleged victim may have (*id.* at 223). We continue to see whatever right to confidentiality in a criminal proceeding that an alleged victim may have as being subject to the balancing of the defendant's rights and the alleged victim's rights that we discussed in our *Fuller* opinion. *Id.* at 223.

We, therefore, direct that the judgment of contempt be vacated, that the order for production of the alleged victim's records be vacated, and that, on a new motion of the defendant

for production, the *Bishop-Fuller* procedures should be followed.

*So ordered.*