Brassard, J.
*730 Background
The defendant has been indicted on charges of rape of a child, indecent assault and battery on a child, and dissemination of matter harmful to minors. The defendant has filed a motion seeking the production of records pertaining to counselling.services provided to the two victims. The Massachusetts agencies involved in this request are the Department of Social Services and the Family Services Association of Fall River.[1]
A hearing was held wherein both victims, as well as the licensed social worker from the Department of Social Services who worked with them, have asserted their privilege to keep these records confidential.[2] Both the Department of Social Services (DSS) and Family Services Association of Fall River (FSA) have produced records which are now sealed and in the custody of this court pending the outcome of this motion and, ultimately, the defendant’s trial. It is the responsibility of the court, then, to determine first, whether these records are indeed privileged and, second, whether the defendant has met his burden and demonstrated the relevance of the records to his case. Commonwealth v. Fuller, 423 Mass. 216, 225-26 (1996).
Discussion
Testimonial privileges, which have the effect of inhibiting full disclosure of the truth, have been traditionally recognized as exceptional and are to be strictly construed. Commonwealth v. Pare, 43 Mass.App.Ct. 566, 571 (1997). The courts have noted that “(i]n balancing the social benefits of the asserted privilege against the defendant’s constitutional right to a fair trial, we must resolve any doubt in favor of disclosure.” Id.; Commonwealth v. Bishop, 416 Mass. 169, 177 (1993). The court must balance the victims’ privacy concerns against the defendant’s asserted need to discover exculpatory information. Commonwealth v. Tripolone, 425 Mass. 487, 498 (1997).
1. Privilege.
In order to attain the status of “privileged” material, there must be a communication made to a “social worker licensed pursuant to ... [G.L.c. 112, Sec. 132] or a social worker employed in a state, county or municipal government agency." G.L.c. 112, Sec. 135A.
In the case presently before the court, both victims made communications directly to individuals who are apparently licensed social workers. Accordingly, the privilege granted to such communications between clients and licensed social workers applies to the records, both FSA and DSS, being sought by the defendant. G.L.c. 112, Sec. 135A; contrast Pare, 43 Mass.App.Ct. at 571 n.13 (communications must be directed to the social worker, not merely made in the presence of the social worker).
2. Relevance.
Under the protocol outlined in Bishop and Commonwealth v. Fuller, 423 Mass. 216, 226 (1996), the court must now consider whether the defendant has “demonstrated a good faith, specific and reasonable basis for believing that the records will contain exculpatory evidence which is relevant and material to the issue of the defendant’s guilt” so as to warrant an in camera review of the records in question. Fuller, 423 Mass. at 226.
The defendant contends that the records will contain evidence which is relevant on the issue of credibility including bias, motive to lie, the ability to perceive and recollect, prior inconsistent statements, and the absence of allegations in a situation where one would reasonably have expected the witness to make such a complaint. Based upon the affidavit of counsel and oral argument made at the hearing on this motion, it appears that the defendant is primarily interested in establishing bias and a motive to lie on the part of the victims. Apparently the victims’ mother was living with the defendant and the victims were unhappy with that fact, as well as their lack of relationship with their father. Both defense counsel and the prosecutor have represented to the court that witnesses at the trial, including the victims and their mother, are expected to testify as to the strained relationship between the defendant and the victims. In. addition to these witnesses, the victims also made statements to the police regarding the nature of their relationship with the defendant and their mother.
The Massachusetts Supreme Judicial Court has unequivocally stated that there is to be “no unrestrained foray into confidential records in the hope that the unearthing of some unspecified information would enable [the defendant] to impeach the witness.” Fuller, 423 Mass. at 226. To meet his burden on a motion for the production of records, the defendant must show a specific and reasonable basis for his belief that the records contain evidence which is material to the defendant’s guilt or innocence. In this context, material evidence is that which “tends to create a reasonable doubt which might not otherwise exist. Id. (emphasis supplied); Commonwealth v. Gallarelli, 399 Mass. 17, 21 (1987). A motion to produce privileged records, therefore, should be the last step in the defendant’s discovery efforts, following counsel’s analysis of the case, a thorough investigation, and a clear showing that the information sought is not available elsewhere. Fuller, 423 Mass. at 226, 228.
In light of the fact that evidence of potential bias exists in the form of live witnesses and documented police reports, the defendant has not satisfied the court that the privileged records which he seeks may contain material evidence which is not available from other sources. Accordingly, insofar as the defendant seeks material which is covered by the statutoiy privilege enunciated in G.L.c. 112, Sec. 135A and 135B, the defendant’s motion is denied. Of course, the defendant is entitled to have a copy of the investigation *731 and evaluation reports which were compiled as a result of a G.L.c. 119, Sec. 51B investigation. See G.L.c. 112, Sec. 135B(f); Commonwealth v. Jones, 404 Mass. 339, 341-42 (1989); Commonwealth v. Pratt, 42 Mass.App.Ct. 695, 697 n.4 (1997).
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion to compel production of documents be DENIED.

 The defendant has requested records from two agencies which are located in the state of Rhode Island. This court does not have the authority or the jurisdiction to compel these out of state agencies to produce the records sought by the defendant.

 All assertions of privilege were made in the form of an affidavit. Only the DSS social worker was actually present at the hearing.