Brassard, J.
The defendant has been charged with rape, armed assault in a dwelling, and violation of an order issued pursuant to G.L.c. 209A. During the course of the pretrial discovery, the defendant sought access to the alleged victim’s counseling records which were in the possession of New Hope, Inc. (“New Hope”), a domestic violence counseling center. New Hope refused to comply with a court order to produce the records and was held in contempt by a Superior Court judge. New Hope appealed and the case was transferred to the Supreme Judicial Court.
In July 1997, the Supreme Judicial Court ruled that the protocol established in Commonwealth v. Fuller, 423 Mass. 216 (1996) (concerning rape counseling records), should also be applied to domestic violence counselling records which are protected by G.L.c. 233, Sec. 20K. Commonwealth v. Tripolone, 425 Mass. 487, 489 (1997). The order of contempt and the order to produce the records were vacated. The defendant has now renewed his motion to produce the records. This court will now proceed in accordance with the Bishop-Fuller standards and the Supreme Judicial Court’s determination that the requested counseling records are privileged.
In the normal course of events, the court should now address stage two under Bishop-FuRer and consider whether the defendant has demonstrated a “good faith, specific and reasonable basis for believing that the records will contain exculpatory evidence which is relevant and material to the defendant’s guilt.” Tripolone, 425 Mass. at 489. However, New Hope has requested an opportunity to appear and be heard at the hearing at which the defendant’s proffer of relevancy will be made. Correspondingly, the defendant has moved to preclude New Hope from participating in a substantive manner at the hearing. Therefore, before stage two is reached the court will determine whether New Hope has standing to be heard at this point in the proceedings.
As everyone is well aware, there are generally two parties to a criminal prosecution: the Commonwealth and the defendant. It is also well understood that the very nature of certain crimes, such as rape, deeply involve the dignity and integrity of the alleged victim. While the Commonwealth holds the right to vindicate the laws of the Commonwealth and the defendant is protected by due process and other constitutional rights, the victim also has certain rights.
A common theme which underlies both the Bishop and Fuller decisions is the need to balance the due process rights of the defendant with the privacy interests of the alleged victim. Bishop, 416 Mass. at 177, 180-81 (court must identify instances where disclosure of victim’s records is required to provide defendant with fair trial); Fuller, 423 Mass. at 223 (“balancing the interest or need for disclosure against the interest asserted by, or on behalf of, the individual whose privacy is at risk of invasion”). Indeed, while the Supreme Judicial Court has never definitively stated that there is a constitutionally protected right of privacy or confidentiality in counseling records, the balancing test that is utilized is similar to the analysis employed in situations where established constitutional rights have been implicated. See Tripolone, 425 Mass. at 489 (“We continue to see whatever right to confidentiality in a criminal proceeding that an alleged victim may have as being subject to the balancing of the defendant’s rights and the alleged victim’s rights [as discussed in Fuller]"). Indeed, the court has clearly identified a victim’s privacy rights as being important and worthy of judicial protection. Fuller, 423 Mass. at 223.
At the stage two hearing in this case, the defendant must establish a good faith and reasonable basis for believing that the records will contain evidence which is relevant and material to the issue of the defendant’s guilt. Tripolone, 425 Mass. at 489. The Supreme Judicial Court has unequivocally stated that there is to be “no unrestrained foray into confidential records in the hope that the unearthing of some unspecified information would enable [the defendant] to impeach the witness.” Fuller, 423 Mass. at 226. In this context, material evidence is that which “tends to create a reasonable doubt which might not otherwise exist." Id.; Commonwealth v. Gallarelli, 399 Mass. 17, 21 (1987). Amotion to produce privileged records, therefore, should be the last step in the defendant’s discovery efforts, following counsel’s analysis of the case, a thorough investigation, and a clear showing that the information sought is not available elsewhere. Fuller, 423 Mass. at 226, 228.
Clearly the prosecution and the defense have, and can provide the court with, a vital perspective on this matter. As the principal participants in the case, the prosecutors and the defendant, and his counsel, are *117 intimately familiar with the details of the case and have pursued and developed theories and strategies through discovery. On the other hand, in a case such as rape the victim may also be in a good position to address particular issues such as whether the information sought from the privileged counseling records could be obtained through other sources. See Fuller, 423 Mass. at 226. Because the privacy rights of the victim are implicated in these proceedings, it is appropriate that the victim be included as a part of the stage two relevancy hearing.
While victims are most commonly represented by the prosecution in a criminal case, the interests of the prosecution do not always coincide with those of the alleged victim in a rape trial. As the alleged victim in this case has her own representative, or spokesperson, there is no need to leave her interests solely in the hands of the prosecutor for the Commonwealth. The alleged victim in this case obtained counseling services from New Hope. New Hope has asserted and defended her privilege in this matter, presumably at her request. New Hope may, therefore, speak on behalf of the victim at the stage two hearing. This participation will be guided, as necessaiy, within the discretion and control of the motion judge, and the strictures contained in the Bishop and Fuller decisions will, of course, be followed. See Tripolone, 425 Mass. at 489.
ORDER
For the foregoing reasons, I ORDER that the defendant’s motion to preclude New Hope from appearing at the stage two hearing be DENIED.