Brassard, J.
The defendant was indicted on charges of rape, armed assault in a dwelling, and violation of an order issued pursuant to G.L.c. 209A. The alleged victim had been in a relationship with the defendant for a number of years and, until some months prior to the incident which resulted in these charges, they had lived together in a mobile home.
The defendant has moved, pursuant to Commonwealth v. Bishop, 416 Mass. 169, 181-82 (1993), for the production of privileged counseling records pertaining to the treatment of the complainant by Joshua Golden. The court has previously determined that the records in the possession of Joshua Golden are privileged under G.L.c. 233, Sec. 20B, the psychotherapist-patient privilege. The issue is presently before the court to determine whether the defendant has met the standard necessary for the court to order the production of such privileged materials.
Bishop set forth the standard initially used by the courts when evaluating a claim for the production of privileged records. Id. Under Bishop such records would be produced if the defendant made the requisite showing that they were relevant to an issue in the case. Id. Determinations of relevancy are generally based upon a two-part analysis: first, consideration of whether the evidence has a “rational tendency to prove an issue in the case,” Commonwealth v. Chretien, 383 Mass. 123, 136 (1981); and, second, a fact specific conclusion based upon the issues of the case and the use for which the defendant seeks the privileged materials. See Commonwealth v. Pare, 43 Mass.App.Ct. 566, 573 (1997), aff’d, 427 Mass. 427 (1998).
In the instant case, the defendant seeks access to privileged therapy records from the alleged victim’s psychotherapist, Joshua Golden. Apparently, the alleged victim began counseling with Joshua Golden sometime in 1994 after the incident which resulted in these indictments. Counsel for the defendant has provided the court with an affidavit wherein he contends that the records of Joshua Golden are likely to contain evidence of the alleged victim’s bias and motive to lie about the defendant. In the affidavit, counsel for the defendant details evidence, uncovered in the course of his investigation, which indicates a number of apparent inconsistencies in the alleged victim’s statements and actions. Throughout, counsel identifies witnesses, records, and other sources of evidence which support his position that the alleged victim had a bias against the defendant and was motivated to lie about his actions. The affidavit does not, however, make a showing that there will be further relevant material in the counseling records which will be anything other than cumulative of information already in the possession of the defendant. Accordingly, the court can only conclude that the defendant is seeking to examine these records in the hope that something helpful to the defense may appear therein, but without any reasonable basis to conclude that the records sought will be either relevant or useful. If, therefore, this motion is governed under the framework set out in Bishop, it is denied as the defendant has not *144 demonstrated that the counseling records sought from Joshua Golden will be relevant to his defense.
Even if the defendant was able to demonstrate to the court that the privileged records will be relevant to his defense, the court concludes that the case at bar must be considered in light of recent changes in the law governing discovery of privileged counseling records.
The relevancy standard contained in Bishop has been heightened by subsequent decisions of the Supreme Judicial Court. See Commonwealth v. Tripolone, 425 Mass. 487, 489 (1997); Commonwealth v. Fuller, 423 Mass. 216, 226 (1996); see also Commonwealth v. Pare, 427 Mass. 427, 429 (1998). Before a court may order the production of records which are privileged under G.L.c. 233., Sec. 20J (rape counseling) and G.L.c. 233, Sec. 20K (domestic violence counseling), the defendant has the burden of articulating a good faith, specific, and reasonable basis for believing that the records will contain “evidence tending to create a reasonable doubt that might not otherwise exist.” Fuller, 423 Mass. at 226; Tripolone, 425 Mass. at 489.
The defendant argues that the heightened standard enunciated in Fuller and Tripolone is limited to situations wherein the records being sought are protected by an “absolute privilege" such as is found in G.L.c. 233, Sec. 20J and Sec. 20K. Certainly it can be concluded that different privilege statutes contain varying criteria that govern when the privilege may be pierced. For example, the sexual assault counselor privilege states unequivocally that the only way such material is discoverable is with the written consent of the victim. G.L.c. 233, Sec. 20J. On the other hand, G.L.c. 233, Sec. 20K provides that confidential communications between a domestic violence counselor and a victim shall be discoverable in a criminal proceeding if, upon an in camera review, it is determined that exculpatory information is contained therein. However, the Supreme Judicial Court has concluded that both of these privilege statutes, despite the differences in their language and, arguably, apparent intent, can be breached if the defendant has demonstrated a good faith, specific, and reasonable basis for believing that the records will contain exculpatory information which is relevant and tends to create a reasonable doubt which might not otherwise exist. Tripolone, 427 Mass. at 489; Fuller, 423 Mass. at 226.
Correspondingly, there are other privilege statutes which have been drafted to contain legislatively enacted exceptions which, if met under certain circumstances, would permit the production of otherwise privileged materials. See G.L.c. 112, Sec. 135A (social worker privilege can be pierced when inter alia there is consent, client refuses necessary treatment or where client presents a danger or threat to self or others); G.L.c. 233, Sec. 20B (psychotherapist privilege may be pierced when inter alia there is consent, a need for treatment, when the patient presents a threat to self or others, or when an examination has been ordered by the court). The court notes, however, that the existence of exceptions to some of the privilege statutes does not render the intent, purpose, or rationale behind the privilege any less compelling than a statutory privilege which is relatively more “absolute.” See Tripolone, 427 Mass at 489 (court ruled that statute which contained exception for criminal proceedings may only be pierced upon higher relevancy standard enunciated in Eulierwhere statute at issue could only be pierced with consent of victim). Indeed, when the condition which permits “conditionally privileged records,” Commonwealth v. DeMaria, 46 Mass.App.Ct. 114, 121 (1999), rev. denied, February 22, 1999, to be disclosed is not satisfied, the records are fully privileged. While there are facially apparent differences among the various privilege statutes, these differences are not of a nature which necessitate, as the defendant urges, that the court apply different standards to discovery requests seeking to breach the privilege based merely upon the type of counseling service at issue.
Were the defendant’s arguments adopted, the court would be placed in the tenuous and troubling position of ruling that some privileges are inherently more valuable or more worthy of protection than others. The psychotherapist-patient privilege is of great importance and is intended to protect the privacy rights of a victim in circumstances such as these. G.L.c. 233, Sec. 20B. The courts have continued to acknowledge that a victim may have a constitutionally protected right to privacy and have given attention to any potential due process rights to which the alleged victim may be entitled in instances where a defendant seeks to discover privileged materials. See Tripolone, 425 Mass. at 489. Were the court to hold that the psychotherapist privilege could be breached based upon a lesser demonstration of relevance than the sexual assault counselor privilege or the domestic violence counselor privilege, the court, in effect, would be requiring the victim of a violent crime to choose his or her iype of therapy based, at least in part, upon the strength of the the privilege governing such communications. Stated differently, the privacy rights of multiple victims of the same sexual assault should not be different simply because one treats with a sexual assault counselor, one with a domestic violence counselor, and one with a psychotherapist.
Accordingly, for these reasons the heightened relevancy standard enunciated in Fuller and Tripolone applies to the records sought under G.L.c. 233, Sec. 20B. In this instance, the defendant has failed to demonstrate to the court that there is a good faith, specific and reasonable basis for believing that the records in the possession of Joshua Golden contain information or evidence which is likely to create a reasonable doubt that might not otherwise exist. As noted above, evidence of the alleged victim’s bias and motive is available from other sources.
ORDER
For the foregoing reasons, the court ORDERS that the Defendant’s Motion for Production of Records III be DENIED.