Leibensperger, Edward P., J.
INTRODUCTION
Plaintiff, Nataly Minkina, alleges legal malpractice against defendants, the law firm and the individual attorneys who prosecuted an employment discrimination action Minkina brought against her former employer. Defendants move to strike the report of plaintiffs expert witness. The record does not reflect whether plaintiff submitted the expert report as a response to defendants’ interrogatories or otherwise.[2] Defendants’ motion does not seek to compel further answers from plaintiff regarding her expert, but instead challenges the admissibility of the putative testimony of the expert based on the principles of relevance and reliability under the Daubert-Lanigan analysis.[3] For the reasons that follow, defendants’ motion is ALLOWED in part, and DENIED in part.
BACKGROUND
Minkina’s legal malpractice action against defendants is grounded upon claims that: (1) Rodgers, Powers, & Schwartz, LLP (RPS) failed to raise a critical argument about the scope of the arbitration clause in her employment contract in opposing the motion to compel arbitration of her employment discrimination claim; and (2) RPS provided an inaccurate estimate of the cost of the arbitration and of appealing the result of such arbitration. Minkina asserts that RPS’s conduct fell below the standard of care and caused her to lose her right to a juiy trial. As a result of this loss, Minkina contends that she obtained a much lower award from the arbitrator than she would have from a juiy.
Minkina’s expert witness, Professor Samuel Estreicher, has extensive experience with employment cases, including arbitration. He is a lawyer and a scholar in the field of employment law. The report he submitted opines that: (1) “competent counsel would have made and pressed the argument that the arbitration clause in her employment agreement. . . was a narrow one and did not authorize arbitration of employment discrimination and other statutory employment claims”; (2) a reviewing court would have concluded that the arbitration clause did not apply to plaintiffs discrimination claims; (3) she would have obtained a significantly larger award, which potentially would include punitive damages, from a juiy; and (4) defense counsel, fearing the prospect of a juiy trial, “would have settled the case at a level in excess of the award she received from the arbitrator.”[4] Defendants object to such testimony.
DISCUSSION
“To prevail on a claim of negligence by an attorney, a client must demonstrate that the attorney failed to exercise reasonable care and skill in handling the matter for which the attorney was retained . . . ; that the client has incurred a loss; and that the attorney’s negligence is the proximate cause of the loss . . .” Global NAPS, Inc. v. Awiszus, 425 Mass. 489, 500 (2010), quoting Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass.App.Ct. 107, 111 (1987). “Expert testimony is generally necessary to establish that an attorney failed to meet the standard of care owed in the particular circumstances ...” Global NAPS, Inc., 425 Mass. at 500 (expert testimony not required where attorney’s negligence is apparent, such as failure to follow client’s instructions or failure to file timely appeal), citing Pongonis v. Saab, 396 Mass. 1005, 1005 (1985).
Expert testimony may also be required to demonstrate that an attorney’s negligence proximately caused a loss to a plaintiff. See Frullo v. Landenberger, 61 MassApp.Ct. 814, 818-19 (2004) (expert testimony required to prove that attorney’s failure to conduct certain discovery and to bring c. 93A claim caused plaintiff loss); see also, Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 226 (1999) (“In some circumstances, expert testimony is necessary to prove the element of causation in a legal malpractice claim”); Colucci, 25 Mass.App.Ct. at 112-16 (expert testimony necessary to establish standard of care and causation, that attorney’s negligence prevented plaintiff from obtaining restraining order against labor picketing). Compare with Fishman v. Brooks, 396 Mass. 643, 647 (1986) (jury could determine without expert testimony, through “trial within a trial,” whether plaintiff would have succeeded on underlying motor vehicle tort action).
Defendants make no sustainable challenge to admission of expert testimony regarding the standard of care applicable to RPS and the individual defendants. Accordingly, to the extent defendants’ motion to strike seeks to bar Estreicher from giving his opinion regarding the negligence of the defendants, the motion is DENIED.
The thrust of defendant’s motion is to exclude Estreicher’s opinion on causation to the effect that (1) had a certain argument been made about the scope of the arbitration clause the court would have denied the motion to compel arbitration, (2) a juiy trial in plaintiffs underlying employment action would have produced a move favorable result than arbitration, and (3) the reasonable settlement value of plaintiffs employment action would have been greater had arbitration not been ordered. The court examines each of these challenges below. See Van Brode Group, Inc. v. Bowditch & Dewey, 36 Mass.App.Ct. 509, 520 (1994) *142 (stating that “a trial judge has a large measure of discretion in deciding whether to admit or exclude expert opinion testimony”).
I.Expert Opinion on Causation Related to Failing to Make a Crucial Argument
Plaintiff seeks to offer expert opinion concluding that if the defendants had argued that the arbitration clause in Minkina’s employment contract did not extend to her employment discrimination and retaliation claims, the court would have denied the motion to compel arbitration and allowed plaintiff to litigate her case before a jury. Defendants object to this testimony, arguing that whether the court would have denied the motion to compel arbitration based on the above-stated argument is a matter of law that this court should determine without the necessity of expert opinion.
First, the court must determine whether a jury or a judge should decide this issue of causation. Whether another Superior Court judge, or an appellate court, would have denied the motion to compel arbitration had certain arguments been made is manifestly a subject beyond the ken of a jury. Moreover, the issue presents a legal question which is typically decided by the judge, not a jury.[5] As noted by Justice Gants when he was sitting as a justice of the Superior Court, “[t]here is a surprising paucity of precedents on this issue, and none under Massachusetts law.” Vermont Pure, Inc. v. Sobol, Civil Action No. 03-04462, p. 32 (Mass.Super. 2008) (Gants. J.) (unpublished) (addressing causation issue of whether a judge would have approved a consumer class action settlement). Subsequently, in the Vermont Pure case, Justice Hinkle concluded that the causation issue, being one that iypically a court would decide, should be resolved in the legal malpractice case by the court. Vermont Pure Holdings, LTD v. Berry & O’Connor, 2010 WL 1665258 at *1, n.2 (Mass.Super. 2010) (Hinkle, J.) [27 Mass. L. Rptr. 33].
The generally accepted rule in other jurisdictions is that issues of law are for the court and, thus expert opinion regarding matters of law is not admissible. See 4 Mallen & Smith 37.24, 1632 (and cases cited in note 43), 1635-36 (2012 ed.). See Ianoco v. Hicken, 265 P.3d 116, 131 (Ut.App. 2011) (stating “malpractice plaintiff is not entitled to have a jury decide a legal question [ — whether plaintiff would have prevailed on summary judgment but for attorney’s negligence — ] that only the judge could have decided in the underlying decision”; Johnson v. Leibel, 703 S.E.2d 702, 712 (Ga.App. 2010) (“The question of whether an appeal would have been successful is a question of law, exclusively within the province of judges”) (citations omitted); Resendez v. Maloney 2010 WL 5395674 at * 5 (Tex.App. 2010) (“[c]ausation is a question of law when the plaintiff alleges that his attorney committed malpractice by failing to raise a certain defense and the question before the court is whether the defense was legally valid” and when “the question of whether an appeal would have been successful depends on an analysis of the law and the procedural rules”) (citations omitted); First Nat’l Bank of LaGrange v. Lowrey, 872 N.E.2d 447, 470 (Ill.App. 2007) (stating “the issue of whether the trial court would have approved the settlement is a question of law to be decided by the trial court in the legal malpractice case”); Governmental Interinsurance Exchange v. Judge, 850 N.E.2d 183, 195 (Ill. 2006) (suggesting that majoriiy of jurisdictions recognize that “issue of proximate cause in an appellate legal malpractice action is inherently a question of law for the court and not a question of fact for the jury”) (and cases cited). Contrast with Andrews v. Saylor, 80 P.3d 482, 487 (N.M.App. 2003) (holding that “in a legal malpractice action, the issue of proximate cause is a question of fact for the jury, and this is so even when proximate cause depends upon whether or not an appeal would have been successful”).[6]
Whether a judge would have denied the motion to compel arbitration had a particular argument been made is an issue of law for the court. The issue may be decided upon summary judgment, at an evidentiary hearing or at trial depending on whether there are facts in dispute and whether the trial judge elects to consider the matter in advance of trial. See Vermont Pure, 2010 WL 1665258 at *10. In all events, there is no basis for expert testimony. The motion to strike the portion of Estreicher’s report regarding what a judge would have decided had a particular argument been made is ALLOWED.
II.Expert Opinion on Causation Related to Potential Jury Verdict
Plaintiff also seeks to introduce expert opinion concerning the hypothetical success of her underlying action had it been tried before a jury. A plaintiff, however, must demonstrate the potential success of her juiy action through a “trial within a trial” rather than through expert testimony. See Fishman, 396 Mass. at 647. See also, 4 Mallen & Smith 37.24, 1643 (2012 ed.) (and cases cited in note 107) (courts have refused or been reluctant to admit expert evidence as to the ultimate result of an underlying action). Expert testimony as to what a jury would or would not do had the case been tried before a jury is entirely speculative. Thus, to the extent Estreicher purports to opine about a possible jury verdict, the motion to strike is ALLOWED.
III.Expert Opinion on Causation Related to Reasonable Settlement Value
Finally, plaintiff seeks to introduce expert testimony as to the reasonable settlement value of her underlying action to prove that she would have recovered more through litigation than arbitration.
In Fishman, where the issue of negligence was the attorney’s failure to obtain a reasonable settlement, the Supreme Judicial Court affirmed a trial judge’s admission of expert testimony from an experienced *143 tort attorney and an experienced claims adjuster regarding the reasonable settlement value of the underlying automobile accident case. 396 Mass. at 647-48 (reasonable settlement value relevant and admissible to show attorney’s negligence). The reasonable settlement value evidence in Fishman did not go to issue of causation. The plaintiff was still required to prove a case in a “trial within a trial.” See 396 Mass. at 649 (noting that attorney could have requested limiting instruction as to relevance of expert testimony). The experts in that case, however, offered specific estimates of what similar cases settled for, opining that the reasonable settlement value of plaintiffs case was between $400,000 and $500,000. Id. at 647-48. Here, the court does not need to decide whether such opinion testimony could possibly be admitted because plaintiffs expert’s report is fundamentally deficient.
Estreicher’s report states that “because of the potential availability of punitive damages, and other factors, competent defense counsel, fearing such a prospect, would likely have settled the case at a level in excess of the award she received from the arbitrator.” Estreicher completely fails, however, to provide any basis for this conclusion. There is no reference to comparable settlements, statistics, or evidence, including whether the defendant in the underlying case was even remotely interested in settlement. “An expert should not be permitted to give an opinion that is based on conjecture or speculation from an insufficient evidentiary foundation.” Van Brode Group, Inc., 36 Mass.App.Ct. at 520. See also 4 Mallen & Smith 37.24, 1648 (expert opinion as to the reasonable settlement value of a case usually rejected as speculative, especially in absence of evidence that settlement would have occurred). Because Estreicher’s opinion lacks sufficient basis it is necessarily grounded on nothing but speculation. Accordingly, the motion to strike is ALLOWED as to the opinion of reasonable settlement value.
ORDER
For the reasons stated above, Defendant’s Motion to Strike is ALLOWED in part, and DENIED in part. Plaintiffs expert may testify at trial concerning the standard of care and to his opinion regarding whether defendants conduct fell below the standard. Otherwise, his expert opinions are stricken.

 Defendants memorandum refers to Mass.R.Civ.P. 26(b)(4)(A)(i), which addresses a party’s ability to request identification of potential expert witnesses and the subject of their testimony through interrogatories. The report, however, is not in a form that appears to respond to interrogatories.

 See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 585-95 (1993) (recognizing alternative method for demonstrating reliability of report by expert which takes into account ability to test theory, existence of supporting peer-reviewed publications, data as to error rates, and standards for controlling and maintaining theory), and Commowealth v. Lanigan, 419 Mass. 15, 24-26(1994) (adopting Daubert principles as an alternative to general acceptance in the relevant scientific community). General acceptance in the relevant scientific or professional community continues to be enough to establish reliability of the method used by an expert. Commonwealth v. Powell 450 Mass. 229, 238 (2007); Commonwealth v. Patterson, 445 Mass 626, 640 (2005). All expert opinion testimony, even that relying on an expert’s personal observations or clinical experience, is subject to the Daubert-Lanigan analysis. See Canavan’s Case, 432 Mass. 304, 312-13 (2000).

 Minkina arbitrated her claims against her former employer and recovered damages, attorneys fees, and costs totaling approximately $250,000.

 “[W]hether an agreement presents a duty to arbitrate is a question to be resolved by a judge . ..” Local No. 1710, Intl. Ass’n of Fire Fighters v. Chicopee, 430 Mass. 417, 421 (1999).

 Nevins v. Muldoon, 2008 WL 2965140 *7 (N.J.Super. 2008) (recognizing that courts are split as to whether judge or jury should determine the success of plaintiffs hypothetical appeal, but declining to determine whether lower court erred in deciding that question was for jury).