GILBERT M. BERNARD vs. COMMONWEALTH & another[1]
(and a companion case[2]).

Suffolk. September 5, 1996. - December 27, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Privileged Communication. Social Worker. Statute, Construction.*

Communications to an individual practicing social worker as permitted by
the third paragraph of G. L. c. 112, § 134, which provides that qualified
individuals employed by government agencies may practice social work
and use the official title social worker without a license, are protected by
the provisions of G. L. c. 112, §§ 135A and 135B, governing privileged
communications between social workers and clients. [34-36]

CIVIL ACTIONS commenced in the Supreme Judicial Court
for the county of Suffolk on August 16, 1995.

The cases were heard by *Greaney*, J., and a question of law
was reported by him.

*Timothy M. Burke* for Gilbert M. Bernard.

*Willie J. Davis* for Thomas Lloyd, Jr.

*Marguerite T. Grant*, Assistant District Attorney (*Kerry
Ahern*, Assistant District Attorney, with her) for the Com-
monwealth.

LYNCH, J. Gilbert M. Bernard (petitioner), a State police
trooper, petitioned a judge in the Cambridge Division of the
District Court Department for a protective order pursuant to
Mass. R. Crim. P. 14 (a) (6), 378 Mass. 874 (1979).[3] The
petitioner asserted that his conversations with Trooper

---

[1]The Cambridge Division of the District Court Department of the Trial
Court.

[2]Thomas Lloyd, Jr. vs. Commonwealth.

[3]Rule 14 (a) (6) of the Massachusetts Rules of Criminal Procedure, 378
Mass. 874 (1979), provides: "Upon a sufficient showing, the judge may at
any time order that the discovery or inspection be denied, restricted, or
deferred, or make such other order as is appropriate. The judge may alter
the time requirements of this rule. The judge may, for cause shown, grant

Thomas Lloyd, Jr., the defendant in an underlying criminal case, were protected under G. L. c. 112, § 135A (1994 ed.), the statute governing privileged communication between social workers and clients. The judge denied the petitioner's request and ordered him to answer questions regarding his conversations with Lloyd.[4] The petitioner refused and was found in contempt. Proceedings in the District Court were stayed pending appeal.

The petitioner and Lloyd each petitioned a single justice of this court for relief pursuant to G. L. c. 211, § 3 (1994 ed.). The single justice denied Lloyd's petition and reported to the full court the question "whether communications by Lloyd to [the petitioner], while the latter was engaged solely in providing peer counselling to Lloyd, are protected by the privilege established by G. L. c. 112, § 135A, or the right established by G. L. c. 112, § 135B [1994 ed.]."

The District Court judge found the following facts.[5] The petitioner joined the State police in 1974. From 1974 to 1987, the petitioner worked as a road trooper and later as an undercover narcotics officer. From 1987 to 1992, the petitioner worked part time as a peer counsellor for the State police and full time at a chemical-dependency treatment center in New Hampshire. *In 1992, the State police created the employee assistant unit (EAU), which provides employees and their dependents assistance through training, peer counselling, and professional referrals.* From 1992 to 1995, the petitioner worked full time as a peer counsellor in the EAU. During that period, the petitioner counselled *over 400 people* in areas of marriage, schooling, substance abuse, and mental health.

The petitioner's social work training consisted mostly of on-the-job training, courses offered at the State police academy, and seminars. The petitioner did not hold a bachelor's

discovery to a defendant on the condition that the material to be discovered be available only to counsel for the defendant."

[4]The judge found that the petitioner was "not a licensed social worker nor a social worker employed in a state, county or municipal government nor a colleague, agent, or employee of a social worker, within the meaning of G. L. c. 112, [§] 135A, and therefore not entitled to withhold testimony under a claim of privilege pursuant to said statute."

[5]Where italicized, we have supplemented the judge's findings with testimony from the voir dire hearing.

degree, a degree in social work, nor was he a licensed social worker.

On March 3, 1995, *the petitioner received information about an alleged incident of domestic abuse involving Lloyd. The petitioner contacted Lloyd's commanding officer and arranged a meeting at the State police barracks in Holden.*

That afternoon, after Lloyd had met briefly with his superiors, the petitioner and Lloyd met in private. At that time the petitioner promised Lloyd, "that their conversations would be held in the strictest confidence and that he [the petitioner] would not breach that confidence unless waived." *After the meeting Lloyd did not return to his patrol.*

*Discussion.* As the single justice concluded, the petitioner is neither a "social worker," a "licensed certified social worker," a "licensed social worker," or a "licensed social work associate," as those terms are defined in G. L. c. 112, § 130 (1994 ed.).[6] The petitioner also does not meet any of the exemptions from licensing requirements contained in G. L. c. 112, § 131 (1994 ed.). His practice of social work, however, is permitted by the third paragraph of G. L. c. 112, § 134, which provides for governmental employees as follows:

> "Nothing in sections one hundred and thirty to one hundred and thirty-seven, inclusive, shall prevent the practice of social work or the use of the official titles social worker or social work associate by individuals employed in state, county or municipal governmental agencies, provided that such persons are performing those activities as part of the duties for which they are employed or solely within the confines or under the jurisdiction of the agency in which they are employed."

Thus the statute carves out an exception to the licensing requirement so that qualified individuals, employed by governmental agencies, and acting within the scope of their

---

[6]General Laws c. 112, § 130 (1994 ed.), defines "social worker" as "an individual who by training and experience meets the requirement for licensing by the [Board of Registration of Social Workers] and is duly licensed to engage in the practice of social work in the commonwealth."

employment, may practice social work and use the official title social worker without a license.[7]

It follows from this exception that the social worker privileges created by G. L. c. 112, §§ 135A and 135B, apply to unlicensed governmental employees practicing social work under the provisions of G. L. c. 112, § 134. In 1985, the Legislature amended § 135 to read as follows:

> "No social worker in any licensed category, including those in private practice, *and no social worker employed in a state, county or municipal governmental agency*, shall disclose any information he may have acquired from a person consulting him in his professional capacity or whom he has served in his professional capacity except . . ." (emphasis added). St. 1985, c. 524.

In 1989, the Legislature rewrote § 135, and adopted detailed provisions governing the creation of the privilege, the disclosure of privileged information, exceptions, and the rights of clients. St. 1989, c. 535, § 1. These provisions were codified in §§ 135A and 135B. The privilege now applies to "a social worker licensed pursuant to the provisions of section one hundred and thirty-two *or* a social worker employed in a state, county or municipal governmental agency" (emphasis added). G. L. c. 112, § 135A.

It is clear, therefore, that §§ 135A and 135B explicitly apply the social worker privilege to unlicensed social workers employed by governmental agencies.

Since the Legislature has authorized the practice of social work by unlicensed governmental agents (G. L. c. 112, § 134), there would be no reason not to apply the provisions of §§ 135A and 135B to such individuals especially when the phrase, "social worker employed in a state, county or municipal governmental agency," mirrored language already used in G. L. c. 112, § 134. Statutes relating to the same subject matter should be read together to create a harmonious whole

---

[7]General Laws c. 112, § 130, defines " '[t]he practice of social work' [as] rendering or offering to render professional service for any fee, monetary or otherwise, to individuals, families, or groups of individuals, which services involve the application of social work theory and methods in the prevention, treatment, or resolution of mental and emotional disorders or family or social dysfunctioning caused by physical illness, intrapersonal conflict, interpersonal conflict or environmental stress."

consistent with the legislative purpose. See *Casey* v. *Massachusetts Elec. Co.*, 392 Mass. 876, 881 (1984), and cases cited. Furthermore, recognition of the social worker privilege for unlicensed social workers employed by the State is consistent with the Legislature's policy of permitting social work by such employees.

We answer the reported question in the affirmative.