Gants, J.
The defendant, Paul Bougas, is charged with two indictments alleging that, on various dates between November 18, 1982 and November 18, 1988, he indecently assaulted and assaulted with the intent to rape a child under the age of 16. The defendant now seeks this Court’s approval under Stage One in Commonwealth v. Bishop, 416 Mass. 169, 181 (1993), to subpoena potentially privileged records of the alleged victim from Emerson Hospital, Dr. Nancy Hendrie, Carlisle Pediatrics, Bedford High School, and Psychiatrist Barbara Wissner. The Commonwealth asks this Court to deny such approval.
The Standard of Review for Stage One Motions to Subpoena Potentially Privileged Documents
In Bishop, the Supreme Judicial Court described Stage One as the motion by the defendant to compel the production “of the various records pertaining to the complainant.” Id. An order compelling such production obligates the keeper of the records either (1) to produce the records to the Clerk of Court if no claim of privilege is to be made, (2) inform the Court that no such records are in its custody and control, or (3) assert a claim of privilege and provide a detailed statement in writing setting forth the nature of the privilege claimed. Id. If the keeper of the records were to refuse to produce all or some of these records because of a statutory privilege against disclosure, the Court must determine, without reviewing the records, whether the records are indeed privileged. Id.
If the Court determines that the records are indeed privileged, the inquiiy proceeds to Stage Two, where the Court determines whether these privileged records should be furnished to the Court for its in camera review. A judge may order privileged records produced for in camera review “only when a defendant’s motion for production of the records has demonstrated a good faith, specific, and reasonable basis for believing that the records will contain exculpatory evidence which is relevant and material to the issue of the defendant’s guilt.” Commonwealth v. Fuller, 423 Mass. 216, 226 (1996).
The Commonwealth opposes the defendant’s motion to subpoena the potentially privileged records described above because it contends that the defendant has failed to show that the records he seeks are likely to contain evidence relevant to an issue in this case. The Commonwealth contends that the defendant must meet this burden before the Court should allow the defendant’s Stage One motion to require the keeper of those records either to produce these records to the defendant or refuse to produce them through the invocation of an identified privilege. In support of this proposition that the defendant bears such a burden under Stage One, the Commonwealth cites Commonwealth v. Sosnowksi, 43 Mass.App.Ct. 367, 373 (1997), where the Appeals Court upheld the trial court’s denial of the defendant’s motion for the production of psychiatric and counseling records because the defendant failed to advance any factual basis as to how these privileged records were likely to be relevant to an issue in the case. A careful reading of Sosnowksi, however, reveals that the Court was applying the standard in Bishop for a Stage Two relevancy determination, not a Stage One privilege determination. The standard used by the Appeals Court in Sosnowski— that “the defendant must show, at the threshold, that records privileged by the statute are likely to contain relevant evidence” — was used in Bishop to determine in Stage Two whether the defendant had made a showing sufficient to justify in camera review, not whether, in Stage One, the documents themselves may be subpoenaed. Sosnowski at 373; Bishop at 181-82.[1] In essence, the Commonwealth asks this Court to impose the old Stage Two Bishop standard that had been used to determine whether privileged documents shall be submitted to the court for in camera review, and transform that into a new Stage One standard to determine whether the defendant shall be permitted to subpoena these records at all.
The procedures set forth in Bishop and Fuller apply only when a defendant seeks access to privileged records. Fuller at 224. Neither Bishop nor Fuller sets forth an analytical framework by which to evaluate Stage One motions for the production of potentially *677 privileged records. In formulating a standard to evaluate such Stage One motions, this Court is mindful that, for any subpoena to fall within the confines of a Stage One analysis, it must potentially seek privileged information regarding an alleged victim of violence or abuse. Even if the subpoenaed documents fall outside of a statutory privilege or the privilege is waived, the documents nonetheless are bound to be confidential in nature to the victim. At the same time, this Court recognizes that the documents subpoenaed in Stage One may indeed fall outside of any privilege, either because the privilege is waived or because the documents may turn out not to be privileged. The purpose of Stage One is to determine whether any of the documents sought are privileged and whether the alleged victim or her medical provider intends to claim any privilege. If the documents indeed are privileged, then the defendant in Stage Two must meet the substantially higher threshold needed to justify the production of those records to the Court for in camera review. If they are not privileged or if the privilege is waived, then they should be furnished to the defendant in the same way as any other unprivileged subpoenaed document.
These competing considerations are not unique to crimes of abuse or violence; they often exist in motions to quash criminal subpoenas. Under Rule 17(a)(2), “[t]he court on motion may quash or modify the summons if compliance would be unreasonable or oppressive or if the summons is being used to subvert the provisions of Rule 14.” Mass.R.Crim.P. 17(a)(2). In considering whether compliance “would be unreasonable or oppressive,” this Court must take into account the nature of the documents being subpoenaed, which in this case are documents that are either privileged as a matter of statute or confidential as a matter of custom. See Commonwealth v. Rodriquez, 426 Mass. 647 (1998). In considering whether the summons is being used to subvert the provisions of Mass.R.Crim.P. 14, this Court must consider whether the documents, if in the possession of the Commonwealth, would be subject to mandatory or discretionary discovery.[2] Under Mass.R.Crim.P. 14(a)(2), the Commonwealth, upon motion of a defendant, must disclose any “material and relevant” evidence or documents in its custody or control.
This Court, in evaluating a Stage One motion for records, shall employ a three-part test. To subpoena potentially privileged confidential records, the defendant, by written motion, must show:
1. That the information in the subpoenaed documents is not realistically available from other sources; see Fuller at 226;
2. That the information is likely to be relevant and material to the defense;[3] see Sosnowski at 373; and
3. That the information is sought in good faith and not for the purpose of harassing or embarrassing the alleged victim; see Fuller at 226.
Application of the Standard to the Facts of this Case
The Commonwealth alleges in this case that the defendant on numerous occasions sexually molested the victim, who is now 19 years old, between the time she was two years old and seven. During this time period, the victim lived with her mother and brothers behind the family-owned flower shop. The defendant was the boyfriend of the victim’s uncle’s ex-wife and an employee of the flower business. Although the victim had earlier mentioned the abuse to her mother and an elementary school classmate, the alleged abuse was not reported to the Department of Social Services (“DSS") until she was fifteen years old, after she told her father. The criminal investigation did not begin until 1998, when the victim was ready to pursue a prosecution.
There does not appear to be any physical evidence of the alleged abuse. Rather, the Commonwealth’s case appears to rest almost entirely on the testimony of the victim, corroborated by her prior consistent statements. This case, then, will likely rise or fall on the credibility of the victim. In view of the seriousness of the allegations and the length of incarceration that will likely follow from any conviction, a great deal rests on her testimony.
The defendant, through two proffers and the affidavit of his attorney, has offered the following information in support of his claim that the subpoenaed documents are likely to be relevant. First, he has provided a DSS record showing that the victim was hospitalized at Emerson Hospital and that the victim reportedly told the Hospital about her abuse. Second, the defendant’s girlfriend has told the defendant’s attorney that she broke up with the victim’s uncle in 1982, when the victim was two, and began seeing the defendant. She said the family has been angry with her ever since. Third, the defendant’s girlfriend told the defendant’s attorney that the victim is a "mixed-up kid” and has claimed to be molested by two cousins and by a student at Bedford High School.
This Court finds that none of the subpoenaed information is realistically available from other sources and that the subpoenas are sought in good faith. As to their materiality and relevance, this Court finds that the victim’s medical and psychiatric records at Emerson Hospital since her second birthday are likely to be relevant and material to the defense because (1) they are likely to reflect the presence or absence of physical or behavioral symptoms that may corroborate or fail to corroborate her allegations, and (2) they are likely to reflect the presence or absence of her discussion of these events in her medical history (both of which would be relevant).[4] The victim’s records after that date in the possession of her pediatricians, Dr. Nancy Hendrie and Carlisle Pediatrics, are likely to be relevant for the same reasons. The victim’s records in the possession of her psychiatrist, Dr. Barbara Wissner, *678 are likely to be material and relevant because (1) they are likely to shed light on the presence or absence of psychological problems or issues that may affect the accuracy of her memory, and (2) they are likely to reflect the presence or absence of her discussion of these events in her psychiatric history. The victim’s records at Bedford High School are likely to be relevant in a much more limited fashion. Her counseling records there are only likely to be material and relevant to the extent that they speak of any complaints of molestation or abuse. The defendant has made no showing that any other part of her school record has any bearing on her credibility as a witness at trial.
It is important to repeat that these findings address only the Stage One privilege determination; they do not speak to whether the defendant can meet the much more demanding standard for a Stage Two relevancy determination with respect to those documents where a privilege is claimed. At the same time, it is equally important to remember that many of these subpoenaed documents may not be privileged, and the defendant properly may be in a stronger position to satisfy the more demanding Stage Two test after reviewing these unprivileged documents.
ORDER
For these reasons stated above, the defendant’s Stage One motion to subpoena potentially privileged records is ALLOWED to the extent that this Court shall order:
A. Emerson Hospital, Dr. Nancy Hendrie, Carlisle Pediatrics, and Dr. Barbara Wissner either (1) to produce the victim’s medical and psychiatric records since her second birthday to the Clerk of Court if no claim of privilege is to be made, (2) inform the Court that no such records are in her or its custody and control, or (3) assert a claim of privilege and provide a detailed statement in writing setting forth the nature of the privilege claimed;
B. Bedford High School either (1) to produce the victim’s counseling records that speak of any complaints of molestation or abuse to the Clerk of Court if no claim of privilege is to be made, (2) inform the Court that no such records are in its custody and control, or (3) assert a claim of privilege and provide a detailed statement in writing setting forth the nature of the privilege claimed.

 The Stage Two standard was revised on July 17, 1996 in Commonwealth v. Fuller to require the defendant to demonstrate “a good faith, specific, and reasonable basis for believing that the records will contain exculpatory evidence which is relevant and material to the issue of the defendant’s guilt.” 423 Mass. at 226. Before that date, the Stage Two standard under Bishop required the defendant to show that privileged documents “are likely to be relevant to an issue in the case.” Commonwealth v. Bishop, 416 Mass. at 182. Although it is not clear from the opinion, it appears that the trial in Sosnowski was conducted prior to July 17, 1996, when the Bishop Stage Two standard still governed. While the Supreme Judicial Court in Fuller revised the Stage Two standard, it did not alter anything concerning Stage One. Commonwealth v. Pare, 427 Mass. 427, 430 n. 4 (1998).

 There is no evidence that the Commonwealth possesses any of the documents that the defendant seeks to subpoena. Therefore, this is not a case where the defendant seeks to subpoena documents that the Commonwealth possesses but has no obligation to disclose. However, it is appropriate for this Court to look to the standards in Rule 14, which governs the discovery of information in the possession of the Commonwealth in criminal cases, because it would make little sense for a defendant to be permitted to summons documents from third parties that the Commonwealth, if it possessed these same documents, would have no obligation to disclose.

 Since the defendant has not seen these documents, it is unfair to require a showing that these documents are relevant and material. The Commonwealth, when it has these documents, can review them and make this determination under Mass.R.Crim.P. 14(a)(2) but the defendant does not have this advantage. In view of the sensitivity of these documents, a showing that they may be relevant and material is inadequate, since this permits the type of fishing expedition that the Supreme Judicial Court specifically seeks to prevent. See Fuller at 225-26. Requiring a showing that the documents are likely to be relevant and material may be “too broad and flexible when applied to [privileged] records,” Fuller at 225, but it is not too broad and flexible when applied to documents that may not be privileged.

 The motion to subpoena Emerson Hospital records for the period after her suicide attempt has already been approved by the Court and the non-privileged records produced.