Agnes, A.J.
BACKGROUND
The defendant Donald Spinney is charged in an indictment with sexual assaults against his two stepdaughters on divers dates and at divers times between 1977 and 1987. The alleged victims are now 30 and 31 years old, respectively. The defendant is married to Sandra Spinney, the biological mother of the two alleged victims. The defendant reportedly lived with her, his step-daughters, and other siblings in Salisbury, Massachusetts during the times in question.
The abuse of Dawn Spinney is alleged to have occurred between 1977 and 1987, while she was between the ages of 8 and 18 years old. The abuse of Tabitha Spinney is alleged to have occurred between 1980 and 1987, while she was between the ages of 10 and 17 years old. Neither of the alleged victims made any disclosures outside the family until February 2000, when they were interviewed by the Salisbury Police Department. However, there is evidence that as early as 1991, their mother, Sandra Spinney, told many agencies and health care providers about the abuse of her daughters by the defendant. In fact, Sandra Spinney told the Salisbury Police of at least nine agencies to which she made disclosures about the defendant’s abuse.
By motion, the defendant seeks discovery of these records. The motion identifies the record holders as “North Essex Mental Health Center,” “Anna Jacques Hospital Psychiatric Ward,” “Addison Gilbert Hospital Psychiatric Ward,” “Lowell Youth Treatment Center,” “Collaborative Assessment Program,” and the "Massachusetts Department of Mental Health.” Both the defendant and the Commonwealth concede that these records are “potentially privileged.”
The defendant, who is indigent and is represented by the Committee for Public Counsel Services, has supported his motion with a statement of “grounds” that refers to the potential for uncovering statements made by one or both of the alleged victims among the statements reportedly made by their biological mother. The defendant also maintains that disclosure of these records will shed light on the role of Sandra Spinney as someone who controlled the conduct and content of the statements made by the alleged victims. Finally, the defendant seeks access to these records because the Commonwealth has asserted that the defendant was present for and silent during sessions in which Darwin Gillette made allegations that he (the defendant) had committed acts of sexual abuse.
The Commonwealth appeared in opposition to the defendant’s motion and argued that the evidence regarding Sandra Spinney’s statements to various agencies is not enough “to demonstrate the likelihood that material and relevant information may be contained *50 in the records.” Commonwealth’s Motion and Memorandum for “Stage One” Relevancy Determination at 3.
DISCUSSION
1. Procedure for obtaining records not in the custody or control of the Commonwealth.
(A) Introduction.
In his motion, the defendant asks the court to order “that the appropriate records be summonsed into this court for a confidential inspection pursuant to the mandate of Commonwealth v. Stockhammer, 409 Mass. 867 (1991), and Commonwealth v. Bishop, 416 Mass. 169 (1993).” Defendant’s Motion for Production of Records at 2, para. 1. The defendant adds that under the so-called five-part Bishop protocol, see Commonwealth v. Bishop, supra, at 181-83,[1] there is no requirement to demonstrate relevancy when a defendant initially moves to compel production of records,[2] and that such a determination is not made by the court until after the record holder has asserted a privilege (Bishop Protocol Stage One) and the court has examined the records in camera and determined that there is a valid basis for the assertion of the privilege (Bishop Protocol Stage Two). Defendant’s Motion for Production of Records at 2, para. 2.
The Commonwealth takes a different position with respect to the mechanism that should be followed to engage the Bishop Protocol. “In order to initiate a discovery request under Stage One of the Bishop five-stage protocol, therefore, the defendant must make a threshold showing at the outset to satisfy the court that the records are material and relevant in light of the facts and circumstances of the case. This is a lower, more general showing of relevancy than that required for the defendant’s Stage Two Bishop proffer.” Commonwealth’s Motion and Memorandum for “Stage One” Relevancy Determination at 3.
In the Essex County Superior Court, the practice has developed in cases involving charges of sexual abuse (and in other cases as well) in which records are sought by the defendant from third parties, such as a state agency other than the Office of the District Attorney[3] or a private or public hospital or treatment provider, for the defendant to file a motion requesting the production of the records, sometimes accompanied by an affidavit or otherwise containing a showing of grounds. If, after a hearing in which the Commonwealth may be heard in opposition to the defendant’s motion, the court is satisfied that an adequate showing has been made, a standard-form order issues to the record holder directing it, him or her to deliver the records to the Clerk of the Superior Court by a date certain and to certify that the records are “true and complete.” The standard court order provides further, and in the alternative, that “[i]f a claim of privilege is made, those records which are privileged may be withheld” provided that the record keeper in such a case submits “a written statement setting forth the nature of the privilege claimed as well as a recitation of the facts on which the claim is based.” Finally, the order states that “(a]ll non-privileged records must be provided.”
In such cases, when the record holder does not reply to the court’s order, a second standard court order is issued informing the record holder that it, he or she must appear in court with the records for a hearing. Alternatively, when the records are produced but “it being unclear whether a valid claim of privilege or confidentiality has been or may be made with respect to such records,” a second standard court order is issued informing the record holder that it, he or she must appear in court and “shall be required, with respect to each document submitted, to state what privilege or confidentiality is claimed and to make a thorough factual and legal presentation in support of each claim.” This order further informs the record keeper that the failure to “provide adequate support for the invocation of the privilege will result in disclosure of the subject records to third parties.”
In the court’s experience, there is considerable disagreement about the proper procedure to follow in these cases, especially regarding the production of records for the Stage 1 determination of whether a privilege applies. See, e.g., W. Murphy, “The Ongoing Confusion Over Victims’ Records," 29 Mass.L.Weekly 1819 (April 16, 2001) (noting that the disagreement stems in large part from whether one views access to patient records as part of a criminal defendant’s right to pretrial discovery, or, in more limited terms, as necessary to ensure a fair trial). What follows indicates that while the Bishop protocol may have had its genesis in the evolving view over the past thirty years or so of a defendant’s right to wide-ranging pretrial discovery, it has developed more recently into a far more limited device to guard against the possibility of an unfair trial.
(B) The role of the court and counsel during Stage 1 of the five-stage Bishop protocol.
In Commonwealth v. Bishop, supra, the Supreme Judicial Court struggled with the problem of reconciling the defendant’s need for access to privileged material to ensure a fair trial, and the adverse consequences of needless disclosures of privileged material. Id. at 178-80. The resolution was to develop two separate standards for determining relevancy. Although the Bishop case is often read and sometimes applied as if there is only one inquiry about relevancy (so-called Stage 2), which follows a judicial determination that records are subject to a privilege, a careful reading suggests that relevancy comes into play in connection with Stage 1 as well.
In Bishop, prior to outlining the five-stage protocol, the Court reviewed prior case, including Commonwealth v. Two Juveniles, 397 Mass. 261 (1986), Commonwealth v. Jones, 404 Mass. 339 (1989), and Commonwealth v. Stockhammer, 409 Mass. 867 *51 (1991), and observed that the “definition of the defendant’s threshold burden exhibited a chamelonlike nature, evading uniform formulation.” Bishop, 416 Mass. at 178. The Court added “(w]e hold that the defendant must show, at the threshold, that records privileged by statute are likely to contain relevant evidence.” Id. at 179-80. In Bishop, the court explained this threshold requirement as follows:
During this relevancy determination stage, the defendant need not make a showing that the records actually contain information that carries, for example, the potential for establishing the unreliability of either the criminal charge or a witness on whose testimony the charge depends. The defendant must, however, advance in good faith, at least some factual basis which indicates how the privileged records are likely to be relevant to an issue in the case and that the quest for its contents is not merely a desperate grasping at a straw.
Id. at 180 (citation omitted). The reference to “relevancy determination stage” in this passage from Bishop is sometimes misunderstood as a reference to the stage two relevancy determination that is undertaken by the judge in camera after the court has determined that the records are subject to a privilege. However, it is clear from the context that the Court is describing the preliminary or threshold showing that must be made by the defendant to the satisfaction of the court before process issues for the records. It is understandable why the threshold that the defendant must meet is lower than the standard that a judge must observe in deciding whether to permit access to privileged material because in most cases the defendant who files the motion does not know the contents of the records. See Bishop, 416 Mass. at 177, 179 n. 6. This is the approach that was taken by the Appeals Court in Commonwealth v. Sosnowski, 43 Mass.App.Ct. 367, 373 (1997). In Sosnowski, the Appeals Court rejected a criminal defendant’s claim for the production of psychiatric and counseling records. “[T]he defendant must show, at the threshold, that records privileged by statute are likely to contain relevant evidence.” Sosnowski, 43 Mass.App.Ct. at 373, quoting Commonwealth v. Bishop, supra at 179-80.
(C) Application of the “likely to be relevant” standard.
The threshold that must be overcome to establish relevancy for purposes of criminal discovery is very low. To be relevant, evidence need not be admissible. For example, evidence is relevant for purposes of discovery in a criminal case if it has “a rational tendency to prove an issue in a case,” Commonwealth v. Cretin, 383 Mass. 123, 136 (1981), or “throws light” on an issue, Commonwealth v. Paladin, 346 Mass. 720, 726 (1964), or simply “helps a little,” Commonwealth v. Tucker, 189 Mass. 457, 467 (1905). See Commonwealth v. Fayerweather, 406 Mass. 78, 83 (1989). See generally Commonwealth v. Pare, 43 Mass.App.Ct. 566, 572-73 (1997), affirmed, 427 Mass. 427 (1998). See also Mass.R.Civ.P. 26(b)(1).
In determining what type of factual showing will meet the “likely to be relevant” test, the court should consider the same factors'that in Bishop were identified as bearing on the relevancy determination that the judge was required to make during the Stage 2, in camera proceeding. “In considering the defendant’s request, the judge may consider, among other things, the nature of the privilege claimed, the date the target records were produced relative to the date or dates of the alleged incident, and the nature of the crimes charged.”[4] Bishop, 416 Mass. at 180.[5] Although Commonwealth v. Fuller, 423 Mass. 216, 226 (1996), substantially modified the standard that judges must apply during stage two of the Bishop protocol, raising it from “relevancy” to a “relevant and material” standard that requires a showing that the privileged material is “likely to meet criteria of admissibility” and “tends to create a reasonable doubt that might not otherwise exist,” it would be unreasonably burdensome to expect that even before records are produced that the defendant should be expected to predict that the records contain both admissible evidence and evidence that might create a reasonable doubt.[6]
(D) Triggering the Bishop/Fuller protocol.
Initially, the defendant[7] has the burden of establishing the existence of privileged records. Commonwealth v. Dexter, 50 Mass.App.Ct. 30, 33 (2000). Thus, the defendant cannot compel the Commonwealth or the alleged victim to disclose the identity of a treatment provider or to conduct an investigation in order to establish a basis for a motion to compel production of potentially privileged material. Id.[8] If the defendant is aware that records exist relating to treatment, counseling or therapy received by the alleged victim, it follows from the fact that the defendant must make a preliminary showing that the records sought are “likely to be relevant,” that the defendant should not proceed to compel the production of privileged material by means of a summons or subpoena[9] without prior judicial approval.
There is no express requirement for judicial approval before a summons may be issued by counsel pursuant to Mass.R.Crim.P. 17(a)(2). However, there is a growing body of decisional law indicating that when the defendant attempts to use the pretrial discovery process to gain access to “sensitive matters,” such as potentially privileged communications by or treatment records of a victim of a sexual assault, records of an internal affairs unit of a police department, or the non-public, internal policies and procedures of a law enforcement agency, a pretrial discovery motion must be filed that conforms to Mass.R.Crim.P. 13 and that contains a factual showing of a legitimate need for the material before allowing such access. See Commonwealth v. Fuller, 423 Mass. 216, 226 (1996) *52 ("Rape counseling records should not be summonsed to the court . . . until a defendant has filed a written motion seeking their production and explaining in detail his reasons for doing so, and a judge has ruled on the motion in the defendant’s favor”). See also Commonwealth v. Neumyer, 432 Mass. 23, 26 (2000) (defendant filed a motion and affidavit in support of its request for counseling records of the victim); Commonwealth v. Wanis, 426 Mass. 639, 644 (1998) (defendant may not obtain internal affairs division material without making a showing to a judge that there is a specific, good faith reason to believe it is relevant to a material issue in the case); Commonwealth v. Coyne, 372 Mass. 599, 601 (1977) (judge could require "a more substantial factual predicate” than “impressionistic and conclusory assertions” to support defendant’s request for discovery of administrative details of the District Attorney’s office); Commonwealth v. Ellis, 1998 WL 4700551 *8 (Superior Court 1998) (8 Mass. L. Rptr. 678). Compare Rule 3.8(f) of the Massachusetts Rules of Professional Conduct, S. J.C. Rule 3:07 (“[A] prosecutor may not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless ... (2) the prosecutor obtains prior judicial approval after an opportunity for an adversarial proceeding”). See generally In the Matter of a Grand Jury Investigation, 407 Mass. 916 (1990). Prior judicial approval in the context of defense requests for production of sensitive personal information about crime victims, especially victims of a sexual assault, is in keeping with the view that confidentiality may be essential ingredient to a successful therapeutic relationship between the victim and a psychologist, psychiatrist or counselor. See Jaffee v. Redmond, 518 U.S. 1, 10 (1996).[10]
Two other important features of the Bishop/Fuller protocol emerge from the decisions of the Supreme Judicial Court. First, motions to compel production of potentially privileged Bis hop-type material should not be granted until other pretrial discovery has been completed, defense counsel has completed his or her own investigation, and defense counsel makes a showing that the material is not available elsewhere. Fuller, supra, 423 Mass. at 226. Second, the Commonwealth has standing to oppose the disclosure of privileged material relating to the alleged victim or a witness in the case, and therefore, to appear and to be heard in connection with the defendant’s motion under Stage 1 to compel production of privileged material and for a determination of whether a privilege is applicable. Pare v. Commonwealth, 420 Mass. 216, 218 (1995).[11] In Pare, the Court dealt specifically with the stage 2 relevancy determination. Id. at 218. It has been suggested that the defendant nonetheless has the right to proceed ex parte by summonsing the records into court or by means of an ex parte motion. C. Donovan, Discovery Dilemmas Following Commonwealth v. Bishop: The Need for a Rule of Criminal Procedure Governing Discovery of Privileged Records, 80 Mass.L.Rev. 94, 103 (1995). After all, not all records are privileged. However, this approach not only creates a risk that the record holder will make an inadvertent disclosure of privileged material, but it runs counter to the position, adopted in Fuller, that a production of sensitive patient records, even for the limited purpose of in camera review by a judge, is a significant breach of confidentiality. Fuller, 423 Mass. at 224-25. This approach also undercuts the determination by the Court in Pare, that the Commonwealth “is entitled to protect those privileged records not required by Bishop to be disclosed.” Id. at 218. Until a uniform rule is developed, I think a procedure combining features of the Essex County practice with the three-part test suggested in Commonwealth v. Bougas, 2000 WL 576398 *2 (Superior Court April, 24, 2000) (Gants, J.) (11 Mass. L. Rptr. 676), should be employed. Whenever records that are not in the custody or control of the prosecutor are sought and that may be subject to an evidentiary privilege, especially those privileges set forth in G.L.c. 112 and c. 233, prior to the issuance of a summons or an order for the production of the records and the stage one determination as to the applicability of any privilege that maybe asserted, the party seeking access to the records should file a motion accompanied by a factual showing that (1) identifies the records with as much specificity as possible, (2) states that pretrial discovery is otherwise complete, counsel has investigated the case, and that the records are sought in good faith, (3) states that the material sought is not available elsewhere, and (4) states the reasons why the material sought is likely to be relevant to a live issue in the case.[12]
2. Determination of whether process should issue for the production of records.
The defendant has made an adequate factual showing in this case that the biological mother of the two alleged victims of sexual abuse was aware of the allegations long before the alleged victims disclosed outside the family, and that while the children were living in her household she has made numerous reports to many different treatment providers about the nature of the abuse. It is likely that some of these reports consist of statements allegedly made to the mother by one or both of the victims. Statements of percipient witnesses are “plainly relevant and may be exculpatory (at least for impeachment).” See Commonwealth v. Wanis, 426 Mass. 639, 644 (1998). Furthermore, the requested records are likely to contain information about physical or behavioral symptoms that may shed light on the credibility of the alleged victims. See Commonwealth v. Bougas, 2000 WL 576398 *3 (Superior Court April 24, 2000) (Gants, J.) (11 Mass. L. Rptr. 676).
The defendant also has made an adequate factual showing that the records relating to another sibling, Darwin Gillette, who has been listed as a Commonwealth witness, should be produced because it has *53 been reported that the defendant was in his presence on one occasion and remained silent when an allegation of sexual abuse was made.
ORDER
Based on the foregoing, when a defendant seeks access to material that is potentially privileged such as records of treatment received by or communications made by a person to a therapist or counselor, the defendant must secure prior judicial approval before any process issues for the records or for the appearance of the therapist or counselor. In such cases, prior to the Bishop/Fuller Stage 1 determination of whether a privilege applies, the defendant must file a written motion, accompanied by an affidavit in compliance with Mass.R.Crim.P. 13, that demonstrates (1) that the material sought is “likely to be relevant” to a live issue in the case, (2) is sought in good faith, and (3) after a thorough investigation of the case, including the discovery provided by the Commonwealth, the material sought is not available elsewhere. See Commonwealth v. Bougas, 2000 WL 576398 *2 (Superior Court April 24, 2000) (Gants, J.) (11 Mass. L. Rptr. 676) (enunciating a similar three-part test). The motion should not be marked up for a hearing until after the completion of the discovery exchange between the Commonwealth and the defendant under Mass.R.Crim.P. 14. The Commonwealth has a right to appear and to be heard in connection with the defendant’s motion to compel production of records.
Although the defendant did not follow these procedures, the submissions by the parties, in light of the circumstances, are sufficient to enable the court to conclude that the defendant has met his threshold burden of demonstrating that the records in question are likely to be relevant to a live issue in the case, viz., the credibility of the alleged victims, that they are being sought in good faith, and that they are not otherwise available. Accordingly, an order should be issued to the record holders directing them to produce the records and deliver them into court (if they are not protected by a privilege), or to respond, in writing, with a statement of the facts and circumstances explaining that the records are exempt from disclosure due to the existence of a privilege.

 In Bishop, the Supreme Judicial Court described the stages as follows: Stage lprivilege determination [court rules on whether the records are privileged]; Stage 2relevancy determination [court rules, after in camera review, whether records are relevant]; stage 3access to relevant material [court allows counsel access to the records subject to a protective order]; stage 4disclosure of relevant communications [defendant has burden of establishing that disclosure of the relevant records to the trier of fact is essential to a fair trial]; and stage 5trial [court determines admissibility of any such relevant records at trial]. Bishop, 416 Mass. at 181-83. A careful reading of Bishop, as discussed further in this opinion, suggests that the defendant must make a showing in order to trigger a Stage 1 relevancy determination by demonstrating to the court that the records sought are “likely to be relevant” before an order to compel production of the records is entered. See Bishop, 416 Mass. at 179-80.

 At least, the defendant argues, those records that are not subject to a so-called unconditional privilege such as G.L.c. 233, §20J and subject to Commonwealth v. Fuller, 423 Mass. 216 (1996). However, it is now settled that the Fuller standard applies to a broader class of records including those subject to the domestic violence counseling privilege, Commonwealth v. Tripolone, 425 Mass. 487, 489 (1997), and the patient-psychotherapist privilege, Commonwealth v. Oliveira, 431 Mass. 609, 616-17 (2000).

 For example, records held by a hospital or treatment facility, see, e.g., G.L.c. 233, §21B (Rape Shield Law); a psychologist, see G.L.c. 112, §129A; a psychotherapist, G.L.c. 233, §20B, Commonwealth v. Bishop, 416 Mass. 116 (1993); a social worker, see G.L.c. 112, §135A, Bernard v. Commonwealth, 424 Mass. 32 (1996), or sexual assault counselor, see G.L.c. 233, §20J, Commonwealth v. Pare, 43 Mass.App.Ct. 566 (1997), aff’d, 427 Mass. 427 (1998), Commonwealth v. Fuller, 423 Mass. 216 (1996); a domestic violence counselor, see G.L.c. 233, §20K, Commonwealth v. Tripolone, 425 Mass. 487 (1997); or “an allied mental health or human services professional," see G.L.c. 112, §172. Access to records which are in the custody or control of the prosecutor’s office or the law enforcement agency involved in the investigation of the case usually will be handled at the discovery phase pursuant to Mass.R.Crim.P. 14.

 When there is a request for information about treatments or hospitalizations months or years after the alleged incident, the burden on the defendant to demonstrate that they are “likely to be relevant” to a live issue in the case is greater. See Commonwealth v. Stephens, 44 Mass.App.Ct. 940, 944 (1998) (trial judge did not abuse his discretion in declining to order the production of records of a hospitalization of the victim seven months after the sexual assault). Likewise, evidence that the patient consulted with or was treated by mental health professionals three or four years before the incident is of doubtful relevancy. See Commonwealth v. DeMaria, 46 Mass.App.Ct. 114, 120-21 (1999).

 Records of a hospitals and other treatment providers often will include material relating to several problems relating to or treatments received by the patient such as material about a substance abuse problem, a mental health or psychiatric problem, or the fact that the alleged victim was prescribed medication. Since the potential for the disclosure of potentially privileged material is great in such cases, all such requests should be treated as a request for Bishop-type material. See Commonwealth v. Stephens, 44 Mass.App.Ct. 940, 944 (1998).

 It also should be noted that the decisions in Commonwealth v. Tripolone, 425 Mass. 487 (1997) (domestic violence counseling privilege), and in Commonwealth v. Oliveira, 431 Mass. 609 (2000) (patient-psychotherapist privilege), suggest that Fuller should be given a broader reading based on the privacy interests of victims, and indications that such interests may have a constitutional dimension. See Tripolone, 425 Mass. at 489; Fuller, 423 Mass. at 222-23. See also Commonwealth v. Tripolone, Middlesex Superior Court No. 34362-64 (May 1999) (Brassard, J.) (10 Mass. L. Rptr. 143) (Whether a statutory privilege is absolute or conditional “does not render the intent, purpose or rationale behind the privilege any less compelling . . . Stated differently, the privacy rights of multiple victims of the same sexual assault should not be different simply because one treats with a sexual assault counselor, one with a domestic violence counselor, and one with a psychotherapist”; court will apply the “heightened relevancy standard” of Fuller to all records subject to a statutory privilege).

 In this case, the moving party is the defendant. However, the Commonwealth might seek the production of Bishop-type material about the defendant. See, e.g., Commonwealth v. Kartell, Essex Superior Court, No. 9977CR0655 (December 1999) (Whitehead, J.) (11 Mass. L. Rptr. 225). In such a case, *54 the rules outlined herein would apply as well to the Commonwealth.

 However, the Commonwealth’s obligation extends to information in the custody and control of the prosecutor, as well as to those who have participated with it in the investigation of the case. See Commonwealth v. Martin, 427 Mass. 816, 823-24 (1998).

 The term “summons” encompasses what formerly was known as a “subpoena” or “subpoena duces tecum.” See Mass.R.Crim.P. 2(17). See also Mass.R.Crim.P. 17(a), Reporter’s Notes.

 Of course, when the court issues an order or approves a summons for the production of records that may be covered by a privilege, the record holder has an obligation to assert its client’s or its patient’s interest in confidentiality by setting forth in a writing the facts and circumstances that establish the existence of an applicable privilege. Commonwealth v. Fuller, supra, 423 Mass. at 228.

 There may be cases in which the Commonwealth has an obligation to support the defendant’s motion to compel production of privileged material. For example, in Commonwealth v. Beal, 429 Mass. 530, 535 n.4 (1999), the Court quoted Mass.R.Prof.C. 3.8(j), as appearing in 428 Mass. 1305 (1999) (‘The prosecutor in a criminal case shall... not intentionally avoid pursuit of evidence because the prosecutor believes it will damage the prosecution’s case or aid the accused”), and observed that “(ijntentionally avoiding information that may be exculpatory would be a serious breach of prosecutorial ethics.” By contrast, the prosecutor ordinarily has no role to play in a defendant’s motion for funds pursuant to G.L.c. 261, §27C. See Commonwealth v. Dotson, 402 Mass. 185, 187 (1988).

 In Commonwealth v. Bougas, 2000 WL 576398 (Superior Court April 24, 2000) (Gants, J.) (11 Mass. L. Rptr. 676), the requirement for a Stage 1 showing by the defendant is phrased in terms of “likely to be relevant and material.” However, the Supreme Judicial Court used “material” in a very specific way in Fuller, supra, to refer to the higher standard that governs the judge’s determination at Stage 2. I believe that the use of the phrase “live issue in the case” encompasses what was meant by the term “material” in Bougas, supra.