Agnes, A.J.
The defendant Lawrence Clifford is charged by indictment with rape of a child. After the completion of all other discovery, defendant moved under Commonwealth v. Bishop, 416 Mass. 169 (1993), for production of treatment records pertaining to the alleged victim that are not in the custody or control of the Commonwealth. After a hearing, the court (Whitehead, J.) allowed the motion and ordered that the record holder either produce the records or assert a basis for withholding the records in keeping with the practice that has been developed in the Essex County Superior Court for handling such matters. See Commonwealth v. Spinney, Essex Superior Court, 13 Mass. L. Rptr. 49 (April 17, 2001) (Agnes, J.). Upon receiving the court order, Health and Education Services, Inc. (hereinafter, HES) objected, citing 42 U.S.C. §290dd-3 (2000) which governs access to records relating to the treatment of drug and alcohol abuse patients in federally funded treatment programs. HES moved to quash the order to produce. For the following reasons, the motion is DENIED.
BACKGROUND
The charges in the instant case surround allegations that in 1996 through 1997, the defendant engaged in sexual intercourse with the alleged victim who, at the time, was twelve to thirteen years of age. During this time, defendant was on probation for similar charges. One condition of his probation was the he is not to have contact with minors. When the alleged victim’s mother learned that the defendant was in contact with the alleged victim, she contacted authorities who subsequently took steps to secure the revocation of his probation.
Thereafter, the alleged victim claimed that another man, Michael Souther, had sexual relations with her from September 1997 until June 1998. Souther was later arrested and convicted of charges stemming from these allegations. In August of 1999, after defendant was released from the jail sentence for his probation violation, the alleged victim disclosed that defendant sexually abused her.
In investigating these charges, defendant gained access to certain Massachusetts Department of Social Services (DSS) records[1] concerning counseling that the alleged victim received during the period in which defendant allegedly abused her. These records indicate that she was “acting out during this period, was in an unhappy family relationship, had an unusual interest in older men, and was fixated on the defendant.” Defendant’s Memorandum in Support of Production at 2-3. The records also indicate that the alleged victim made homicidal threats to her family and contemplated suicide. Additionally, they stated that an incident occurred in which, when the alleged victim’s mother learned that the alleged victim was wearing the defendant’s ring, she took it from her, resulting in a violent outburst necessitating hospitalization. Finally, the records indicate that during counseling, the alleged victim denied ever having sexual contact with the defendant.
DISCUSSION
The agency, HES, relies on a federal statute in support of its position that it is prohibited from even acknowledging that it has custody or control of any of the records sought by the defendant. 42 U.S.C. §290dd-3(a) states as follows:
*416 Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to alcoholism or alcohol abuse education, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by a department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed for the purpose and under the circumstances expressly authorized under subsection (b) of this section.
The purpose of the federal legislation is to promote treatment by assuring persons with drug and alcohol problems that these treatment records and communications to counselors remain confidential. Ellison v. Cocke County, 63 F.3d 457, 470 (1995). Accord, 42 C.F.R. Ch, 1. §2.3. However, the statute provides for the disclosure of records of treatment in certain circumstances. For example, 42 U.S. S. §290dd-3(b)(2) states that:
Whether or not the patient . . . gives written consent, the content of [a] record may be disclosed as follows:
To medical personnel . . .
To qualified personnel for the purpose of conducting scientific research . . .
If authorized by an appropriate court order of a court of competent jurisdiction granted after application showing good cause ... In assessing good cause the court shall weigh the public interest against the injury to the patient, to the physician-patient relationship and to the treatment services
The burden of establishing “good cause” rests with the party seeking access to the records. Fannon v. Johnston, 88 F.Sup. 753, 757 (E.D.Mich. 2000), citing United States v. Cresta, 825 F.2d 538, 552 (1st Cir. 1987). This is consistent with state law. See Commonwealth v. Sosnowski, 43 Mass.App.Ct. 367, 373 (1997).
The statute contains a broad grant of authority to the Secretary of the Department of Health and Human Services to promulgate regulations to implement the law. See 42 U.S.C. §290dd-2(g). The regulations promulgated by the Secretary do not appear to have anticipated a situation like that in the present case in which records are sought by a defendant in a criminal case who is not the patient. See, e.g., 42 C.F.R. §2.64 (governing disclosures in non-criminal cases), 42 C.F.R. §2.65 (governing disclosures in cases where the records are to be used to investigate or prosecute the patient), and 42 C.F.R. §2.67 (use of undercover agents to criminally investigate a program).[2] Nonetheless, the limitations established by the regulations are not to be found in the statute itself which authorizes disclosure in any case in which a “court of competent jurisdiction” makes a finding that “good cause” exists. 42 U.S.C. §290dd-2(b)(2)(C).
This view of the statute is in keeping with the fact that Congress specifically avoided the opportunity to preempt state law on this issue. See 42 C.F.R. Ch. 1, §2.20. Also, where there exists two plausible interpretations of a federal statute, one consistent with state law and one inconsistent with state law, a court should interpret the statute as consistent with state law. See generally Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996) (stating that in discerning the scope of partial preemption in an area usually regulated by states, a court must construe a federal act as coinciding with state law). Therefore, it is reasonable to suppose that in adopting the “good cause” standard in 42 U.S.C. §290dd-2(b)(2)(c), Congress’s intent was to enable states to apply the federal statute in a way that would be compatible with provisions of state law such as the fair trial schema known as the Bishop/Fuller protocol.
Moreover, an interpretation of the federal statute that prohibited disclosure in circumstances such as this when access to records is sought by a criminal defendant would raise questions under the federal constitution. If a statute restricts a defendant’s access to exculpatory evidence not obtainable elsewhere, for instance, such prohibition would likely offend the Due Process Clause. See Little v. Streater, 452 U.S. 1, 5-6 (1981); Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987). Where two reasonable interpretations of a statute are available, one that will render it constitutional the other one that will not, a court should presume that Congress intended to enact a constitutional statute, and should interpret the provision accordingly. See Jones v. United States, 526 U.S. 227, 239-40 (1999).
Finally, interpreting the statute to bar disclosure of evidence that is relevant to the defense in a state criminal case would run afoul of the intent of Congress as expressed at the time of the enactment of 42 U.S.C. §290dd-2. The House Report issued at the time of the enactment of the statute in 1970 expressed that state law in the field of confidentiality of records remained relevant in the determination whether individual records were subject to disclosure. See H.R. Rep. No. 91-1663 (1970). Additionally, the report noted the legislation did not prevent access to records to those “with a legitimate need.” Id. It seems clear, therefore, that Congress did not intend that the Secretary should promulgate regulations which have the effect of preempting state law designed to safeguard the constitutional rights of persons accused of crimes. Therefore, based on a consideration of the text of 42 U.S.C. §290dd-3(b)(2)(C) and its purposes, and the important interests that underlie the decision in Commonwealth v. Bishop, supra, and subsequent cases in the same line, this court concludes that the omission of a specific regulation authorizing disclosure of treatment records óf a person alleged to be a victim or a witness to a crime is not a bar to disclosure when records are *417 sought by a defendant in a state criminal proceeding provided that there is a determination by a “court of competent jurisdiction” of “good cause” for the disclosure.
Even though the regulations adopted by the Secretary do not cover the particular circumstances of this case, they are a useful guide. 42 C.F.R. Ch. 1, §2.65(d) spells out the criteria a court must apply in determining whether to issue an order to disclose where the patient is the accused. See 42 C.F.R. Ch. 1, §2.65(d). This is the most stringent standard in the regulations. See id. This regulation provides that the application for the records should not use the patient’s true name unless the patient has given permission or an order of impoundment has been entered. 42 C.F.R. §2.64(a). While there is no comparable requirement in the context of Bishop/Fuller, it is an salutary practice that should be adopted for general use in state court proceedings. If a party in a criminal case seeks access to treatment records, confidential communications, or other sensitive material concerning the alleged victim, a witness or a potential witness that may be protected from disclosure by a privilege or disqualification, the privacy interests of the persons whose records are sought could be harmed simply by the fact that he or she is named in a pleading and reference is made to a form of treatment or a type of record which may create or lead to stigmatization. Thus, in cases in which so-called Bishop/Fuller material is sought in a criminal case the motion or application should use a pseudonym to refer to the party whose records are sought.
The first factor under 42 C.F.R. Ch. 1, §2.65(d) is whether the crime involved is “extremely serious.” The provision explicitly lists both rape and child abuse as crimes that satisfy this standard. See United States v. Hughes, 95 F.Sup.2d 49, 56 (D.Mass. 2000). Thus, a criminal case such as the case at bar qualifies as an “extremely serious" case within the meaning of the regulations. The second factor is whether there is a reasonable likelihood that the records will contain valuable information. See id. Before there may be any obligation imposed on a record holder under the Bishop/Fuller protocol either to produce records or to assert a privilege, the trial court must be satisfied that the records sought by the defendant are “likely to be relevant” in the case. See Commonwealth v. Spinney, Essex Superior Court, 13 Mass. L. Rptr. 49 (April 17, 2001) (Agnes, J.). Of course, if it is determined that a valid privilege exists, the standard for disclosure under state law is a “heightened standard of relevancy” that is even higher than that under federal law. See Commonwealth v. Tripolone, Middlesex Superior Court No. 34362-64, 10 Mass. L. Rptr. 143 (May 1999) (Brassard, J.). The third requirement under the federal regulation is that the evidence not be available elsewhere. See 42 C.F.R. Ch. 1 §2.65(d)(3). This is a requirement that must be met at Stage One of the Bishop/Fuller protocol, and has been satisfied in this case. See Commonwealth v. Fuller, 423 Mass. 216, 226 (1996).[3] Finally, the regulations require the court to balance the harm to the patient and the program’s viability against the need for disclosure. See 42 C.F.R. ch. 1, §2.65(d)(4). A balancing of interests is implicit in the assessment of whether privileged material that is found to be relevant to the defendant’s case should be disclosed. This can only be accomplished by giving notice to the party whose records are sought and affording them an opportunity to be heard. See 42 C.F.R. §2.64(b). See also Jane H. v. Rothe, 488 N.W.2d 879 (N.D. 1992).
The Secretary’s regulations, like the Bishop/Fuller protocol, contemplate an in camera review of the patient’s records prior to an order that privileged material should be disclosed. See 42 C.F.R. §2.64(c) (“The [in camera] proceeding may include an examination by the judge of the patient records referred to in the application”). Accord, 42 C.F.R. 2.65(c).
CONCLUSION
In view of the fact that the defendant has made a strong showing that information contained in HES records is “likely to be relevant” in his case, that the information has been sought at the close of discovery and in good faith, and that the information does not appear to be available through an alternate means, I am satisfied that HES should be required to acknowledge that it has possession or control of such records and either assert a privilege under federal and/or state law, which the court will then examine under Stage One of the Bishop/Fuller protocol, or produce the records. If records sought by the defendant exist, and a privilege under federal or state law is determined to exist, notice should be given to the patient and the patient should be given an opportunity to appear and to be heard before a decision is made regarding their release. Accordingly, the motion to quash is DENIED. HES is hereby ordered to comply with the order of the court and either assert a privilege as to the records sought, or produce them.

 There is no claim that the defendant gained access to these DSS records by any unlawful means, and no request has been made for a protective order with respect to these records.

 The regulations also appear to limit the disclosure of “confidential communications” concerning a patient’s “diagnosis, treatment or referral for treatment” to circumstances in which the patient offers testimony pertaining to the content of the communications. 42 C.F.R. §2.63(a)(3).

 This is not a case in which it is evident that the material sought by the defendant will be available through the testimony of live witnesses apart from whatever information may be contained in the records. Contrast, In re B.S., 659 A.2d 1137 (Vt. 1995).